J-S66026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ELIZABETH DALTON | |
| Appellant | No. 89 MDA 2016 |

Appeal from the Judgment of Sentence December 2, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000809-2015

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 09, 2016**

Appellant, Elizabeth Dalton, appeals from the judgment of sentence entered following a bench trial in the Berks County Court of Common Pleas. Dalton argues that the evidence adduced at trial was insufficient to support her convictions and that the verdict was against the weight of the evidence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On December 1, 2014, Rachel Merkel, asset protection manager for Target in Exeter, Berks County, Pennsylvania, discovered that baby formula was missing from the store. Merkel reviewed the previous day's security footage and observed that a man, later identified as Eric Carr, had removed all of the baby formula from the shelf and concealed it in a tote. Merkel then began to track Carr's movements throughout the store, and determined that Carr entered the

Target alone and went directly to the health and beauty section. Dalton and her husband, Larry Brown, were already located in that section of the store. Before Carr entered the health and beauty section, Dalton appeared to ask a nearby Target employee a question, and Dalton and the Target employee walked away together. As Carr entered the health and beauty section, Brown met Carr in the toothpaste aisle. Brown and Carr removed teeth whitening products from a shelf and concealed the items in Carr's tote. Dalton, Brown, and Carr then met in the shaving product aisle, where Brown and Carr placed shaving products in Carr's tote. Following the removal of the shaving products, Carr walked towards the baby formula aisle, while Brown and Dalton left their shopping cart in the center of the store, and exited without purchasing any items. Once Carr removed the baby formula, he exited the store without paying for the items he was carrying in the tote. Exterior footage of the store revealed that Dalton and Brown left the premises *via* a car parked in an adjoining parking lot, while Carr exited by taxicab.

Dalton was charged with two counts of retail theft and one count of conspiracy to commit retail theft. Dalton proceeded to a bench trial on July 29, 2015, and was found guilty on all three counts. On December 2, 2015, Dalton was sentenced to 12 to 24 months' imprisonment followed by probation. Dalton filed post-sentence motions, which were denied. This timely appeal follows.

Dalton raises two issues on appeal. First, Dalton argues that the Commonwealth failed to present sufficient evidence to prove that she conspired with Brown and Carr to commit retail theft and that she was an accomplice to Carr's retail theft. *See* Appellant's Brief, at 5. Dalton contends that the Commonwealth only established her mere presence at the scene of the crime. *See id*. Dalton avers that, without additional evidence that she aided or intended to aid in the commission of retail theft, she cannot be held responsible for the actions of Brown and Carr. *See id*.

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Helsel*, 53 A.3d 906, 917-18 (Pa. Super. 2012) (citation omitted; brackets in original).

Section 903 of the Crimes Code defines the crime of conspiracy.

- 3 -

(a) **Definition of conspiracy.**- A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a)(1)-(2).

[T]o sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy. This overt act need not be committed by the defendant; it need only be committed by a co-conspirator.

The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation.

*Commonwealth v. Knox*, 50 A.3d 732, 740 (Pa. Super. 2012) (citation omitted).

An accomplice is also legally accountable for the conduct of the other person involved in committing the crimes. ***See*** 18 Pa.C.S.A. § 306(b)(3). The Crimes Code defines an accomplice as follows.

> A person is an accomplice of another person in the commission of an offense if:
>
> (1)   with the intent of promoting or facilitating the commission of the offense he:
>
> > (i)      solicits such other person to commit it; or
> >
> > (ii)     aids or agrees or attempts to aid such other person in planning or committing it; or
>
> (2)   his conduct is expressly declared by law to establish his complicity.

18 Pa.C.S.A. § 306(c). "Both requirements may be established wholly by circumstantial evidence. Only the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice. No agreement is required, only aid." ***Commonwealth v. Kimbrough***, 872 A.2d 1244, 1251 (Pa. Super. 2005) (*en banc*) (citations and quotations omitted). Dalton's conviction for retail theft was premised upon the theory of accomplice liability. Section 3929 of the Crimes Code enumerates retail theft as follows.

> (a)   **Offense defined.** – A person is guilty of a retail theft if he:
>
> > (1)   takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the

> merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S.A. § 3929(a)(1).

Here, the Commonwealth presented evidence that Dalton and Brown parked in an adjoining parking lot and entered and exited the store together. Merkel testified that Dalton asked the Target employee a question, which resulted in the Target employee and Dalton walking away from the health and beauty section of the store. Once the Target employee left the section, Brown met Carr in an aisle in the health and beauty section and the two began to steal items and conceal the items in Carr's tote. The surveillance footage shows that after Brown helped Carr steal items, Dalton and Brown left the store without purchasing anything. It is undisputed that Carr committed retail theft.

Based upon our review of the record, we agree with the trial court that the evidence is sufficient to find that Dalton engaged in a conspiracy to commit retail theft. As discussed above, a conspiracy can be inferred from the relation, conduct and circumstances of the co-conspirators. The evidence shows that Dalton is married to Brown, entered and exited the store with Brown, and was present while Brown and Carr concealed items in Carr's tote. The Commonwealth also presented evidence that Dalton performed an "overt act in furtherance of the conspiracy" when she distracted the Target employee. This sufficiently proves the formation of a conspiracy under the statute.

Further, the evidence was sufficient to establish that Dalton assisted Carr commit retail theft. The Commonwealth presented evidence from which the trial court reasonably inferred that Dalton aided Carr by distracting the Target employee and leading the employee away from the health and beauty section so Carr could steal the items. This act is sufficient to establish Dalton's liability as an accomplice for the crime of retail theft. Therefore, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find the evidence sufficient to convict Dalton of conspiracy to commit retail theft and retail theft. Thus, Dalton's first argument on appeal fails.

Lastly, Dalton argues that her convictions were against the weight of the evidence. A challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (citation omitted).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is

> limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009) (internal quotes and citations omitted).

To support her weight of the evidence claim, Dalton essentially reiterates her sufficiency of the evidence argument. ***See*** Appellant's Brief, at 10-17. Dalton argues that the verdict "shocks one's sense of justice" and should not be allowed to stand. ***See id***. at 5. At trial, the Commonwealth presented evidence in the form of the testimony of Merkel and the surveillance footage. Dalton did not testify or call any witnesses on her behalf. Therefore, Dalton's guilt hinged on the trial court's determination of Merkel's credibility and its interpretation of Dalton's actions in the surveillance footage. It is clear that the trial court found Merkel's testimony credible, and concluded that Dalton conspired with Brown and Carr to steal from the store. We discern no abuse of discretion in the court's assessment of the credibility of the witnesses or the weight of evidence at trial. We cannot agree with Dalton that the trial court's guilty verdict "shocks one's sense of justice." Thus, we conclude that Dalton's second issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016